```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
SULTAN A. JAFRI,                        :    04 Civ. 2457 (JCF)
                                        :
            Plaintiff,                  :       MEMORANDUM
                                        :    OPINION AND ORDER
    - against -                         :
                                        :
ARTHUR F. ROSENFELD,                    :
                                        :
            Defendant.                  :
- - - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

Sultan A. Jafri brings this employment discrimination action pro se pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (the "ADEA"). He alleges that the defendant, Arthur F. Rosenfeld, General Counsel of the National Labor Relations Board (the "NLRB"), Mr. Jafri's previous employer, discriminated against him on the basis of national origin, religion, and age. Specifically, he claims that the NLRB discriminated against him by: (1) changing his work site; (2) providing him with unequal training; (3) improperly lowering his employment ratings; and (4) failing to hire him for thirty-nine positions for which he had applied. The NLRB now moves for partial summary judgment dismissing the claims with respect to change of work site and failure to hire in connection with NLRB Vacancy Announcement Nos. 99-42 and 99-209 on the grounds that these claims are not timely. It also moves to dismiss the plaintiff's claims

1

for failure to hire in connection with Vacancy Announcement Nos. 99-196, 00-05, 00-12, 00-13, and 00-27 because these claims were not administratively exhausted. The parties have consented to my conducting all proceedings including determination of dispositive motions and trial pursuant to 28 U.S.C. § 636(c).

Background

In January 1999, Mr. Jafri enrolled in a training program administered by the Department for the Aging of the City of New York. (Complaint ("Compl.") at 5; Equal Employment Opportunity ("EEO") Counselor's Report dated June 14, 2000 ("First EEO Report"), attached as Exh. B to Declaration of Peter M. Skinner dated Dec. 22, 2004 ("Skinner Decl."), at 3).[1] He began work on January 21, 1999, at the NLRB's Region 29 office in Brooklyn as a Field Examiner intern (First EEO Report at 3; Compl. at 5), and his wages were paid by the Department for the Aging. (First EEO Report at 3). On March 10, 1999, Mr. Jafri informed the NLRB's Regional Director that he would make a three-week Hajj pilgrimage to Saudi Arabia. (First EEO Report at 3). From Mr. Jafri's complaint, it appears the alleged discrimination began sometime between March 10 and April 2, 1999, when he returned to the office after the Hajj. (Compl. at 5).

Mr. Jafri then contacted the NLRB's Equal Employment

---

[1] The Complaint contains unnumbered paragraphs and pages. The defendant has numbered the pages (Skinner Decl., Exh. A), and those designations will be utilized here.

2

Opportunity office and sought counseling. ("Pl. Memo." at 4 & Exh. F). When his concerns were not resolved to his satisfaction, Mr. Jafri filed an EEO complaint. (First EEO Complaint, attached as Exh. C to Skinner Decl.). Of the five claims in that complaint, the three relevant to this motion are his change of work site claim and the failure to hire claims in relation to Vacancy Announcement Nos. 99-42 and 99-209. (Narrative attached to First EEO Complaint ("First EEO Compl. Narr.") at 1-2).

Subsequently, the NLRB's EEO Office issued a decision on Mr. Jafri's First EEO Complaint dismissing his claims. (NLRB Letter from Robert J. Poindexter, Director, NRLB Office of Equal Employment Opportunity, to Sultan Jafri dated October 23, 2000 ("First Poindexter Letter"), attached as Exh. D to Skinner Decl.). Specifically, the EEO Office found that EEO regulations did not cover Mr. Jafri's work site change claim because he was a volunteer and not an employee. (First Poindexter Letter at 5). With respect to Vacancy Announcement No. 99-209, the EEO Office found that the announcement was cancelled before the position was filled, and Mr. Jafri failed to show he suffered individual harm. (First Poindexter Letter at 2). Thus, the EEO Office dismissed Mr. Jafri's contentions with respect to the change in work site and failure to hire in relation to Vacancy Announcement No. 99-209. (First Poindexter Letter at 1-5).

Turning to Mr. Jafri's claim in connection with Vacancy Announcement 99-42, the NLRB's EEO Office found that he had failed

to contact an EEO counselor within forty-five days of the alleged discrimination as required by EEO regulations. (First Poindexter Letter at 5-7). It therefore dismissed this claim as untimely raised. (First Poindexter Letter at 7). Mr. Jafri then appealed to the Equal Employment Opportunity Commission (the "EEOC"). (Appeal Brief dated January 19, 2000, attached as Exh. E to Skinner Decl.).

Meanwhile, Mr. Jafri initiated another round of EEO counseling. (EEO Counselor's Report dated January 5, 2001 ("Second EEO Report"), attached as Exh. I to Skinner Decl.). This time, he alleged that the NLRB discriminated in declining to hire him for seventeen Field Examiner positions that he had applied for. (Second EEO Report, ¶ C). After informal negotiations with NLRB management failed (Second EEO Report, ¶ J), Mr. Jafri filed a second EEO complaint (Second EEO Complaint dated January 15, 2001, attached as Exh. J to Skinner Decl.). In it, he alleged a total of thirty-nine discriminatory nonselection claims. (Narrative attached to Second EEO Complaint ("Second EEO Compl. Narr.") at 2-3). Of those thirty-nine claims, the ones relevant here are those alleging failure to hire in connection with Vacancy Announcement Nos. 99-196, 00-05, 00-12, 00-13, and 00-27. The NLRB's EEO Office dismissed these claims as untimely raised. (Letter from Robert J. Poindexter, Director, NLRB Office of Equal Employment Opportunity, to Sultan Jafri dated June 25, 2001 ("Second Poindexter Letter"), attached as Exh. K to Skinner Decl., at 3-4).

The EEOC subsequently issued a decision affirming the determination of the NLRB's EEO Office on Mr. Jafri's First EEO Complaint. (EEOC Decision dated August 2, 2001, attached as Exh. F to Skinner Decl.). It then denied Mr. Jafri's request for reconsideration. (Denial of Request for Reconsideration dated April 17, 2003 ("Reconsideration Denial"), attached as Exh. H to Skinner Decl.). Over ten months later, Mr. Jafri filed the complaint in this action.

Discussion

A. Summary Judgment

1. Legal Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Andy Warhol Foundation for the Visual Arts, Inc. v. Federal Insurance Co., 189 F.3d 208, 214 (2d Cir. 1999); Tomka v. Seiler Corp., 66 F.3d 1295, 1304 (2d Cir. 1995). The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the moving party meets that burden, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial," Fed. R. Civ. P. 56(e), by "a showing sufficient to

5

establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

In assessing the record to determine whether there is a genuine issue of material fact, the court must resolve all ambiguities and draw all factual inferences in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Vann v. City of New York, 72 F.3d 1040, 1048-49 (2d Cir. 1995). But the court must inquire whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249 (citation omitted), and grant summary judgment where the nonmovant's evidence is conclusory, speculative, or not significantly probative. Id. at 249-50. "The litigant opposing summary judgment may not rest upon mere conclusory allegations or denials, but must bring forward some affirmative indication that his version of relevant events is not fanciful." Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 101 (2d Cir. 1997) (internal quotation marks and citations omitted); see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (a nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); Goenaga v. March of Dimes Birth Defects Foundation, 51 F.3d 14, 18 (2d Cir. 1995) (nonmovant "may not rely simply on conclusory statements or on contentions that the affidavits

supporting the motion are not credible"). In sum, if the court determines that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289 (1968)).

Where a litigant is pro se, his pleadings should be read liberally and interpreted "to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nevertheless, proceeding pro se does not otherwise relieve a litigant from the usual requirements of summary judgment, and a pro se party's "bald assertion," unsupported by evidence, is not sufficient to overcome a motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991); see Gittens v. Garlocks Sealing Technologies, 19 F. Supp. 2d 104, 110 (W.D.N.Y. 1998); Howard Johnson International, Inc. v. HBS Family, Inc., No. 96 Civ. 7687, 1998 WL 411334, at *3 (S.D.N.Y. July 22, 1998); Kadosh v. TRW, Inc., No. 91 Civ. 5080, 1994 WL 681763, at *5 (S.D.N.Y. Dec. 5, 1994) ("[t]he work product of pro se litigants should be generously and liberally construed, but [the pro se's] failure to allege either specific facts or particular laws that have been violated, renders his attempt to oppose defendants' motion ineffectual"); Stinson v. Sheriff's Department, 499 F. Supp. 259, 262 (S.D.N.Y. 1980) (holding that the liberal standard accorded to

pro se pleadings "is not without limits, and all normal rules of pleading are not absolutely suspended").

2. Statements of Material Fact

Under Local Rule 56.1 of the United States District Courts for the Southern and Eastern Districts of New York,

> [u]pon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. . . . The papers opposing a motion for summary judgment shall include . . . a separate, short and concise statement, of additional material facts as to which it is contended that there exists a genuine issue to be tried. . . . [All] material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by . . . the statement required to be served by the opposing party. . . . Each statement [of material fact by a movant or opponent] must be followed by citation to evidence which would be admissible, set forth as required by Federal Rules of Civil Procedure 56(e).

The defendant has submitted a statement under Local Rule 56.1. (Statement of Defendant Pursuant to Rule 56.1 dated December 22, 2004 ("Rule 56.1 Statement"), attached to Notice of Motion). Accordingly, the Court must deem to be admitted the material facts set forth in this statement if they are not controverted by Mr. Jafri. See, e.g., Gubitosi v. Kapica, 154 F.3d 30, 31 n.1 (2d Cir. 1998); Dawson v. County of Westchester, 351 F. Supp. 2d 176, 185 (S.D.N.Y. 2004) ("all material facts set forth in the statement provided by the defendants are deemed admitted for purposes of this

motion because they have not been controverted by a statement of plaintiffs"). However, "[t]he local rule does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law, and Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 74 (2d Cir. 2001); see also, Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003). Thus, a court must make sure that a party's citations to evidence in a Rule 56.1 statement actually support its assertions. See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

To be sure, Mr. Jafri failed to respond pursuant to Rule 56.1 with correspondingly numbered paragraphs disputing any material facts. (See Plaintiff's Motion Opposing Defendant's Motion for Summary Judgment ("Pl. Memo.")). He does argue, however, that his claim relating to Vacancy Announcement No. 99-209 was timely because the EEOC accepted and processed it. (Pl. Memo. at 4). Likewise, he argues that his civil complaint is timely because the Clerk's office accepted and processed it. (Pl. Memo. at 4).[2]

---

[2] Mr. Jafri also argues that he "called and made [his] first contact" with Bea Pacheco of the NLRB's EEO Office regarding the claims in his first EEO complaint on March 22, 2000, and not on April 25, 2000, as the defendant asserts. (Pl. Memo. at 4; Bea

Since Mr. Jafri does not controvert the balance of facts in the defendant's statement, however, they are deemed admitted to the extent that they are supported by the record. See Tullo v. City of Mount Vernon, 237 F. Supp. 2d 493, 494 n.1 (S.D.N.Y. 2002).

B. Timeliness

The defendant argues that Mr. Jafri's claims with respect to change of work site and Vacancy Announcement Nos. 99-42 and 99-209 are not timely. (Def. Memo at 8-10). As a general rule, Title VII and ADEA actions must be filed within 90 days after receipt of an EEOC right to sue letter. See 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); 29 U.S.C. § 626(e); Baldwin County Welcome Center v. Brown, 466 U.S. 147, 149 (1984). Moreover, this Circuit has held that "'in the absence of a recognized equitable consideration[,] the court cannot extend the limitations period by even one day.'" Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984) (quoting Rice v. New England College, 676 F.2d 9, 11 (1st Cir. 1982)); see also Toolan v. Board of Education of City of New York, No. 02 Civ. 6989, 03 Civ 576, 2003 WL 22015437, at *2 (S.D.N.Y. Aug. 25, 2003) (where no basis for equitable tolling,

---

Pacheco Memo to the File ("Pacheco Memo"), attached as Exh. F to Pl. Memo.; Rule 56.1 Statement, ¶ 8). In either case, though, the claims in Mr. Jafri's first EEO complaint are untimely for the reasons discussed below. Therefore, to the extent that there is any dispute, it is immaterial.

complaint dismissed even though filed only one day past 90-day period).

Mr. Jafri raised the claims relating to work site change and Vacancy Announcement Nos. 99-42 and 99-209 in his First EEO Complaint (First EEO Compl. Narr. at 1-2), and the EEOC denied Mr. Jafri's request for reconsideration of its decision on that complaint on April 17, 2003. (Reconsideration Denial at 1-2). In that denial, the EEOC advised Mr. Jafri that a civil action must be filed within 90 days. (Reconsideration Denial at 2). But he did not file his complaint until February 27, 2004, more than ten months later.

Mr. Jafri does not dispute that he filed his complaint beyond the limitations period. He does contend, however, that his complaint is timely because the Pro Se Office accepted and processed it. (Pl. Memo at 4). Mr. Jafri's argument is irrelevant, though, because "[i]t is the Court -- on motion or sua sponte –- and not the Clerk's Office that determines whether a complaint is timely." Fletcher v. Runyon, 980 F. Supp. 720 n. 2 (S.D.N.Y. 1997). Mr. Jafri also appears to argue that the claim with respect to Vacancy Announcement No. 99-209 in his First EEO Complaint was timely because the EEOC accepted and processed the complaint itself. (Pl. Memo. at 4). But that, too, is irrelevant to the timeliness of this action.

Moreover, Mr. Jafri cannot revive the claims in connection with work site change and Vacancy Announcement Nos. 99-42 and 99-209 by bringing them his Second EEO Complaint. (Second EEOC Compl. Narr. at 2-3). That is, he "cannot use the Second EEOC charge as a means of extending the limitations period for the first EEOC charge." Strickland v. Smith Security, Inc., No. 97 C 3812, 1998 WL 601701, at *3 (N.D. Ill. Sept. 9, 1998); see also Johnson v. Super Fresh Food Markets, Inc., No. Civ.A. 97-2315, 1998 WL 372396, at *4 (E.D. Pa. May 29, 1998). Indeed, permitting him to do so would render the limitations period meaningless. See Strickland, 1998 WL 601701, at *3.

Finally, Mr. Jafri provides no explanation for his failure to file within the 90-day limit, nor is any evident from the record. Thus, Mr. Jafri fails to demonstrate any issue of material fact with respect to the untimeliness of his claims with respect to work site change and Vacancy Announcement Nos. 99-42 and 99-209. Therefore, the defendant is entitled to summary judgment on these claims.

C. Exhaustion

The defendant also argues that Mr. Jafri failed to exhaust administrative remedies for his claims regarding failure to hire for Vacancy Announcement Nos. 99-196, 00-05, 00-12, 00-13, and 00-

27.[3]  "Under Title VII, a litigant must exhaust available administrative remedies in a timely fashion." Briones v. Runyon, 101 F.3d 287, 289 (2d Cir. 1996) (citation omitted).  To fulfill this requirement, "an aggrieved agency employee must first seek EEO counseling within forty-five days of the allegedly discriminatory act." Boos v. Runyon, 201 F.3d 178, 181 (2d Cir. 2000) (citing 29 C.F.R. § 1614.105(a)(1)).  Since exhaustion is an affirmative defense, though, "a defendant bears the burden of proving that [the] plaintiff did not exhaust administrative remedies in a timely manner." German v. Pena, 88 F. Supp. 2d 216, 220 (S.D.N.Y. 2000) (citation omitted).

Here, the defendant represents that Mr. Jafri received letters notifying him that he had not been hired for the jobs at issue. (Rule 56.1 Statement ¶¶ 21-26).  Specifically, Mr. Jafri was sent notification letters on the following dates:

| Vacancy Announcement No. | Letter dated |
| --- | --- |
| 99-196 | March 17, 2000 |
| 00-05 | June 9, 2000 |
| 00-12 | June 14, 2000 |
| 00-13 | May 1, 2000 |
| 00-27 | May 24, 2000 |

(Rule 56.1 Statement, ¶¶ 21-26; Skinner Decl., Exhs. M, N, O, P & Q).  Thus, notice of each allegedly discriminatory nonselection may

---

[3] The defendant's argument also includes no. 99-42. But since that claim is untimely, it will not be further addressed.

be presumed to have been effected three business days after each notification letter was sent. See Sherlock v. Montefiore Medical Center, 84 F.3d 522, 525-26 (2d Cir. 1996) ("Normally it is assumed that a mailed document is received three days after its mailing.").

Again, Mr. Jafri disputes none of this. Nor does he dispute that he first contacted the NLRB's EEO Office regarding the allegations in the Second EEO Complaint on August 18, 2000. (Second EEO Report, ¶ C). Under the forty-five day rule, then, only incidents that happened on or after June 30, 2000 are covered. Thus, as the NLRB's EEO Office correctly found (Second Poindexter Letter at 3-4), Mr. Jafri's claims in connection with Vacancy Announcement Nos. 00-196, 00-05, 00-12, 00-13, and 00-27 were untimely brought in his Second EEO Complaint.

Nonetheless, Mr. Jafri may be excused from fulfilling the forty-five day requirement "by demonstrating that he is entitled to a regulatory exception or equitable exception[.]" German, 88 F. Supp. 2d at 220. That is, a court may waive the requirement where a complainant shows that extenuating circumstances prevented him from complying. See German, 88 F. Supp. 2d at 220. Here, however, Mr. Jafri makes no such argument. Moreover, he contacted the NLRB's EEO Office on March 22, 2000 (Pl. Memo. at 4), and initiated EEO counseling for that complaint on April 25, 2000 (Pl. Memo. at 4 & Exh. F). Thus, there is no reason to believe he was not

14

familiar with the rule in time to preserve his other claims.[4]

With respect to equitable exceptions to the forty-five day rule, a court may toll the time limit where it finds that "the plaintiff's failure to meet a deadline is the result of someone else's error." German 88 F. Supp. 2d at 221 (citation omitted). Here, however, Mr. Jafri makes no allegation that his failure to timely contact an EEO Counselor was anyone else's fault. And, no such circumstance is evident from the record.

In sum, Mr. Jafri's claims in connection with failure to hire for Vacancy Announcement Nos. 00-196, 00-05, 00-12, 00-13, and 00-27 arise from incidents that fall outside the forty-five day requirement. Thus, his claims are unexhausted, and they are not properly before this Court. Accordingly, the defendant is entitled to summary judgment on these claims as well.

Conclusion

For the reasons set forth above, the defendant's motion for

---

[4] Here it is worth noting that, as a federal agency, the NLRB is required to notify employees of the 45-day rule. 29 C.F.R. § 1614.102(b)(7). Mr. Jafri, however, does not claim a failure by the NLRB to do so. Moreover, by letter dated October 5, 2000, the EEO asked Mr. Jafri to explain the reasons for his delay in raising the No. 99-42 allegation in his First EEO Complaint. (First Poindexter Letter at 5). But in his response, which is not before the Court, Mr. Jafri did not argue that he was unaware of the requirement or that extenuating circumstances should excuse his failure to exhaust. (First Poindexter Letter at 5-6). And, again, he makes no such argument now.

15

partial summary judgment on Mr. Jafri's claims related to the work site change and the failure to hire him in connection with Vacancy Announcement Nos. 99-42, 99-196, 99-209, 00-05, 00-12, 00-13, and 00-27 is granted. All discovery with respect to the remaining claims shall be completed by August 31, 2005. The pretrial order shall be submitted by September 30, 2005, unless any dispositive motion is filed by that date. If such a motion is filed, the pretrial order shall be due thirty days after the motion is decided.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
April 27, 2005

Copies mailed this date to:

Sultan Ahmed Jafri
332 East 29th Street, #2P
New York, New York 10016

Peter M. Skinner, Esq.
Assistant United States Attorney
86 Chambers Street, 5th Floor
New York, New York 10007